THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. POINSEL, Respondent, v. JAMES P. DOOLEY, as Mayor of the City of Cohoes, et al., Appellants, Impleaded with Others.

(Argued October 3, 1930; decided October 7, 1930.)

*Edgar B. Nichols, Corporation Counsel (J. S. Carter of counsel),* for James P. Dooley, appellant. It was the duty of the mayor of the city of Cohoes to appoint as election officials for the Republican party in the city of Cohoes the persons on the lists filed by the appellant Linen, as chairman of the Republican general city committee. (Election Law, § 41; *People ex rel. Coffey* v. *Democratic Committee,* 164 N. Y. 335; *Matter of Burton* v. *Schmidt,* 128 Misc. Rep. 272; *People ex rel. McCarren* v. *Dooling,* 128 App. Div. 1.)

*George W. Greene* for Frederick B. Linen, appellant. There is no faction or section of the Republican general committee of the city of Cohoes as that phrase is used in section 41 of the Election Law. (*People ex rel. McCarren* v. *Dooling,* 128 App. Div. 1; *Sheehan* v. *McMahan,* 44 App. Div. 63; *People* v. *Gleason,* 18 Misc. Rep. 511; *People ex rel. Van Wyck* v. *Wheeler,* 18 Hun, 540.) Relator is not entitled to a peremptory order of mandamus. (*Village of Massena* v. *St. Lawrence Water Co.,* 126 Misc. Rep. 524; *Matter of O'Connell* v. *Clark,* 200 App. Div. 606; *Matter of Weissman,* 198 App. Div. 498.)

*John J. McManus* for respondent. The certificate of the chairman of the Republican state committee is the act of such State committee. (Election Law, § 41;

*Patterson* v. *Robinson,* 116 N. Y. 193; *Spitzer* v. *Born, Inc.,* 194 App. Div. 738; *Rathbun* v. *Snow,* 123 N. Y. 343; *Hardin* v. *Morgan Lithograph Co.,* 247 N. Y. 332; *Ostrom* v. *Greene,* 161 N. Y. 353.) Where more than one list of election officers is filed by persons claiming to be the chairman or proper officer of a general city committee of a party entitled to file such list, only that list can be accepted which is recognized as regular by the State convention or the State committee of such party. (Election Law, § 41; *Matter of Knollin,* 59 Misc. Rep. 373; 128 App. Div. 908; 196 N. Y. 526.)

*Per Curiam.* The Election Law (Cons. Laws, ch. 17, § 41) intends that recognition of the regularity of a faction or section of a party by a State convention, or, in an appropriate case, by the State committee of such party, shall be conclusive upon the appointing officer or board. It does not expressly or by implication give the same force to a certificate of the chairman of the State committee where neither a State convention nor a State committee has previously determined to accord such recognition. In the absence of conclusive proof that the relator is the duly elected chairman of the general committee, no peremptory order can issue.

The order of the Appellate Division and that of the Special Term should be reversed and the petition dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Orders reversed, etc.